# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| RUTH PYEATT, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-230-M |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 65I006, a/k/a REYDON PUBLIC | ) | |
| SCHOOLS, TERRY PASBY, and | ) | |
| JOE D. HALL GENERAL | ) | |
| CONTRACTORS, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is scheduled for trial on the Court's September 2010 trial docket.

Before the Court is defendant Independent School District No. 65I006, a/k/a Reydon Public Schools' ("School District") Motion for Summary Judgment, filed January 4, 2010. On May 4, 2010, plaintiff filed her response, and on May 20, 2010, the School District filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff was a "support employee" employed by the School District as a janitor. Plaintiff was first hired by the School District as a janitor in 1993 and was rehired annually for each subsequent school year through the 2008-2009 school year. Defendant Terry Pasby ("Pasby") was the construction superintendent for defendant Joe D. Hall Contractors, L.L.C., the general contractor that was on site in the summer of 2008 overseeing the construction of the School District's new elementary building.

At approximately 6:30 a.m. on July 14, 2008, plaintiff drove her car to the School District and parked next to the School District's bulk storage gasoline tank and gas pump. The gas tank of

plaintiff's car was on the same side as the School District's gas pump. While her car was next to the gas pump, plaintiff saw a white truck pull into the parking lot and drive by her. Although she could not see into the truck, plaintiff recognized that the truck belonged to Pasby.

Later that morning, Pasby went to Phil Drouhard ("Drouhard"), the Superintendent of Reydon Public Schools. In that meeting, Pasby told Drouhard that when Pasby had come to the school that morning, he had seen plaintiff standing next to her car by the School District gas pump with the gas nozzle in her car and that when plaintiff saw him, she ducked into her car and left very quickly. Drouhard asked Pasby if he was absolutely sure of what he had seen, and Pasby indicated he was.

Drouhard then called plaintiff into his office. Principal Jeff Kelly sat in on the meeting. In that meeting, Drouhard told plaintiff that it had been reported to him that she had been seen that morning pumping gas into her car from the School District's gas pump. Drouhard asked plaintiff if that was true. Plaintiff denied taking School District gas that morning and told Drouhard that she was merely trying to air up her car's back tire with the School District's air compressor located inside the building next to the gas pump. After hearing plaintiff's explanation, Drouhard paused the meeting and left to find Pasby. When he found Pasby, Drouhard asked him if it was possible that what he saw that morning was plaintiff actually putting air into her car's back tire. Pasby said it was not possible stating words to the effect that "not unless you can use a gas nozzle in your car's gas tank to get air." Drouhard returned to the meeting with plaintiff and Principal Kelly and ultimately informed plaintiff that she was being suspended and that she should go home.

On July 15, 2008, plaintiff received a letter from Drouhard titled "Notice of Dismissal," in which plaintiff was informed that she was suspended immediately from all employment duties and

that Drouhard was recommending her termination based upon Pasby's report that she was pumping School District gasoline into her personal vehicle. Also on July 15, 2008, two School District employees came forward to tell Drouhard that plaintiff had offered beer to School District students in her home in October 2006. After doing some investigation, Drouhard sent plaintiff a second notice of dismissal related to the alcohol incident.

On July 29, 2008, plaintiff sent Drouhard a letter requesting a hearing before the Reydon Public Schools Board of Education ("School Board")[1] over her possible dismissal. An evidentiary hearing before the School Board over plaintiff's possible termination was held on August 11, 2008. Plaintiff attended the Board Hearing along with her attorney. At the Board Hearing, the School Board heard from witnesses called by the administration on the incident involving alcohol. During the hearing, the School Board indicated that it was not going to consider the incident involving alcohol as a possible basis for plaintiff's termination. At the Board Hearing, the School Board also heard from Pasby and plaintiff. Pasby told the School Board members what he had told Drouhard about seeing plaintiff with the School District's gas pump hose in her car on the morning of July 14, 2008. Plaintiff told the School Board that she was not stealing School District gasoline on the morning of July 14, 2008, and that she was merely putting air in her back tire.

After considering the testimony of the witnesses and the respective positions of administration and plaintiff on the issue of her possible termination, the School Board went into executive session to deliberate. After returning from executive session and into "open" session, School Board member David Wright moved to adopt a finding of fact that plaintiff "was attempting

---

[1] It is the function of the School Board, not the superintendent, to make the hiring and firing decisions of the district.

to steal school district gas." This finding was approved 4-0 by the members of the School Board. After the finding of fact was adopted, a motion was made "to dismiss Ruth Pyeatt as a district employee." The motion was approved 4-0 by the members of the School Board.[2]

After she was terminated, plaintiff's janitorial duties were picked up by two janitors on staff, Shirley Dyer (age 54 at the time of plaintiff's termination) and Michelle Leggett (age 55 at the time of plaintiff's termination) until 1:30 p.m. From 1:30 p.m. to 2:45 p.m., plaintiff's cleaning duties were picked up by Tina Porter, a kitchen aid who was age 32 at the time of plaintiff's termination.[3]

Subsequently, plaintiff filed the instant action, alleging (1) discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA") and a corresponding state-based, public-policy wrongful termination claim against the School District, and (2) various state law claims against Defendants Pasby and Joe D. Hall General Contractors, L.L.C. The School District has moved for summary judgment as to plaintiff's age discrimination claims.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving

---

[2]At the time of plaintiff's termination, the School District had a Support Termination Policy in place that listed 42 separate grounds that can form the basis for termination of a support employee, including grounds that the termination is "in the best interest of the school district."

[3]Plaintiff asserts that the School District also hired another employee, Leah Klassen (who was born in 1976), who also helps perform the janitorial duties.

party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

　　A.　Age discrimination claims

Pursuant to the ADEA, it is unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).　The United States Supreme Court recently held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009).

When assessing the burden of proof in ADEA claims, the United States Court of Appeals for the Tenth Circuit has consistently applied the *McDonnell Douglas*[4] burden-shifting analysis

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

5

applicable to Title VII claims. *See, e.g., Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1114-15 (10th Cir. 2007).[5] According to that analysis, plaintiff has the burden of establishing a prima facie case of employment discrimination based on her age; if she does so, the School District must articulate a legitimate, non-discriminatory reason for its actions, and, if it does so, plaintiff then has the burden of proving that such reason was a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 802-04. Once a non-discriminatory reason has been advanced, to avoid summary judgment at this stage plaintiff must offer evidence sufficient to create a genuine issue of material fact with regard to whether the articulated reason for the adverse employment decision is pretextual; unsupported conclusory allegations are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits incorporated therein. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 (10th Cir. 1994).

In its motion, the School District assumes that plaintiff has made a prima facie case. The School District further has set forth a legitimate, non-discriminatory reason for terminating plaintiff's employment – plaintiff attempted to steal School District gas and, therefore, plaintiff's termination was in the best interest of the School District. Consequently, to avoid summary judgment, plaintiff must show that the School District's articulated reason is pretextual.

To establish pretext, plaintiff need only show "that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason."

---

[5] In *Gross*, the Supreme Court did not discuss the effect of its holding on the *McDonnell Douglas* burden-shifting analysis in an ADEA case, but observed in a footnote that it "has not definitely decided whether the evidentiary framework of *McDonnell Douglas* . . . utilized in Title VII cases is appropriate in the ADEA context." 129 S. Ct. at 2349 n.2. However, since *Gross*, the Tenth Circuit has continued to apply the *McDonnell Douglas* analysis. *See Phillips v. The Pepsi Bottling Group*, No. 08-1003, 2010 WL 1619259, at *3 (10th Cir. Apr. 22, 2010); *Reeder v. Wasatch Co. Sch. Dist.*, 359 Fed. Appx. 920, 923 (10th Cir. 2009).

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1129 (10th Cir. 1998). Further, the "relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [the employer] honestly believed those reasons and acted in good faith upon those beliefs." *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff has not submitted sufficient evidence to create a genuine issue as to whether the School District's explanation is pretextual. While plaintiff has submitted evidence regarding Drouhard's motivation in recommending plaintiff's termination, Drouhard was not the final decisionmaker; the School Board was. Plaintiff has submitted absolutely no evidence showing that the School Board's proffered reason for plaintiff's termination is pretextual.

In her response, plaintiff contends that because the School Board did not undertake a comprehensive, thorough investigation of the alleged attempted theft, Drouhard's discriminatory animus can be imputed under the "cat's paw" doctrine. "To recover under [the 'cat's paw'] theory, the plaintiff must show that the decisionmaker followed the biased recommendation [of a subordinate] without independently investigating the complaint against the employee." *English v. Colo. Dep't of Corrections*, 248 F.3d 1002, 1011 (10th Cir. 2001) (internal quotations and citation omitted). Further, "[a] plaintiff cannot claim that a firing authority relied uncritically upon a subordinate's prejudiced recommendation where the plaintiff had an opportunity to respond to and rebut the evidence supporting the recommendation." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that the "cat's paw" doctrine does not apply in this case. First, the School Board conducted a due process hearing, at

7

which both plaintiff and Pasby testified, effectively cutting off any alleged bias on the part of Drouhard. Second, the evidence presented clearly shows that the School Board did not simply "rubber stamp" Drouhard's recommendation. In fact, after considering the evidence presented at the hearing, the School Board rejected the administration's (Drouhard's) proposed findings and made its own independent finding that plaintiff attempted to steal (rather than actually stole) the School District's gasoline. Further, the School Board also rejected Drouhard's recommendation to terminate plaintiff's employment based upon the alleged alcohol incident.

Accordingly, because plaintiff has failed to present sufficient evidence to create a genuine issue of material fact that the School District's legitimate, non-discriminatory reason was pretextual, the Court finds that the School District is entitled to summary judgment as to plaintiff's age discrimination claims.

B. Remaining state law claims

Upon review of the Amended Complaint, the Court finds that the remaining claims in this case are claims against defendants Pasby and Joe D. Hall General Contractors, L.L.C. based upon state law. Plaintiff has not shown complete diversity of the parties nor the requisite amount in controversy to establish jurisdiction in this case pursuant to 28 U.S.C. § 1332. As the ADEA claim is no longer before the Court, and it was the sole basis for this Court's original jurisdiction, the Court declines to exercise jurisdiction over the remaining state law claims against defendants Pasby and Joe D. Hall General Contractors, L.L.C. and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the School District's Motion for Summary Judgment [docket no. 28] and DECLINES to entertain jurisdiction over plaintiff's state law claims against defendants Pasby and Joe D. Hall General Contractors, L.L.C. and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED this 17th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE